1  JASON M. FRIERSON
   United States Attorney
2  Nevada Bar Number 7709
   IMANI L. DIXON
3  Assistant United States Attorney
   Nevada Bar No. 15724
4  501 Las Vegas Boulevard South, Suite 1100
   Las Vegas, Nevada 89101
5  Tel: 702.388.6138/Fax: 702.388.6418
   Imani.dixon@usdoj.gov
6  *Attorneys for the United States*

7                    **UNITED STATES DISTRICT COURT**
                         **DISTRICT OF NEVADA**
8

9  UNITED STATES OF AMERICA,                    2:22-cr-227-JAD-EJY

10                    Plaintiff,                **Petty Offense Plea Agreement**

11       v.

12 VICTOR MORALES-VAZQUEZ,

13                    Defendant.

14

15       1.    **Defendant's Guilty Plea.**

16             a.    The Defendant, Victor Morales-Vazquez (the "Defendant") shall

17 plead guilty to **Count One** of the Complaint – Operating a Motor Vehicle while Under the

18 Influence of Alcohol, a violation of Title 43 C.F.R. § 8341(f)(3), NRS 484C.110.1(a), a

19 Class A misdemeanor.

20             b.    Withdrawal of Guilty Plea. The Defendant will not seek to withdraw

21 his guilty plea after he has entered it in court.

22       2.    **Other Charges.** The Government will dismiss **Count Two** – Operating a

23 Motor Vehicle with a BAC of 0.08 Grams and Higher, a violation of Title 43 C.F.R.

24

1    § 8341.1(d); NRS 484C.110.1(b), **Count Three** – Operating a Motor Vehicle in a Reckless

2    Manner, a violation of Title 43, C.F.R. § 8341.1-3(a), after sentencing.

3          3.     **Facts Supporting Plea Agreement.** The Defendant admits and declares

4    under penalty of perjury that the facts set forth below are true and correct:

5          On July 11, 2022, in the State and Federal District of Nevada, within lands
      managed by Bureau of Land Management, the Defendant operated a white

6          Toyota Tundra bearing Nevada registration 457 UXD while being under the
      influence of alcohol to a degree that rendered the defendant incapable of safe

7          operation.

8          4.     **Sentencing.**

9            a.     The maximum penalty for Operating a Motor Vehicle while Under

10   the Influence of Alcohol, a violation of Title 43 C.F.R. § 8341(f)(3), NRS 484C.110.1(a), is

11   one year imprisonment, a fine of $100,000, or both.

12           b.     The Defendant acknowledges that the court does not have to follow

13   the recommendation of either party.

14           c.     The parties agree to jointly recommend that the Defendant shall be

15   sentenced to unsupervised probation for a period of one year with special conditions, to

16   include that:

17                   i.     the Defendant pay a $500 fine and a mandatory $10 penalty

18                       assessment;

19                   ii.    the Defendant attend and complete the Lower Court

20                       Counseling's (1) DUI course and (2) Victim Impact Panel;

21                   iii.   the Defendant complete an eight (8) hour online alcohol

22                       awareness course;

23                   iv.   the Defendant not violate any local, state, or federal laws.

24

1          d.       Should the Court sentence the Defendant as recommended in Section

2   4(c), the parties agree that if the Defendant successfully completes conditions i, ii, iii, and iv

3   as specified in Section 4(c), within the first six months of his unsupervised probation, and

4   has not violated any local, state, or federal laws during the first six months of his

5   unsupervised probation, the parties shall jointly move to allow the Defendant to withdraw

6   his guilty plea to Count One, and the Government will move to amend Count One to a

7   charge of Operating a Motor Vehicle in a Reckless Manner, a violation of 43 CFR §

8   8341.1-3(a). The Defendant will plead guilty to the amended Count One, and the parties

9   will jointly agree that the original sentence be applied to the Operating a Motor Vehicle in a

10  Reckless Manner conviction. However, if during the first six months of his unsupervised

11  probation the Defendant fails to complete conditions i-iv, as specified in Section 4(c), or

12  violates any local, state, or federal law, then his conviction for Operating a Motor Vehicle

13  while Under the Influence of Alcohol will remain in effect and the Defendant shall not seek

14  to withdraw guilty plea to Count One.

15         e.       Notwithstanding its agreement to recommend a sentence as described

16  above, the USAO reserves its right to defend any lawfully imposed sentence on appeal or

17  in any post-conviction litigation.

18         f.       Once the defendant has completed all the required conditions of this

19  plea agreement, the parties will file a joint status report with the Court.

20      5.     **Waiver of Trial Rights.** The Defendant acknowledges that he has been

21  advised and understands that by entering a plea of guilty he is waiving – that is, giving up –

22  certain rights guaranteed to all defendants by the laws and the Constitution of the United

23  States. Specifically, the Defendant is giving up:

24         a.       the right to persist in a plea of not guilty;

3

b.     the right to proceed to trial by a federal judge;

c.     the right to be represented by counsel—and if necessary have the court appoint counsel—at trial. The Defendant understands, however, that, the Defendant retains the right to be represented by counsel—and if necessary have the court appoint counsel—at every other stage of the proceeding;

d.     the right to be presumed innocent and to have the burden of proof placed on the USAO to prove the Defendant guilty beyond a reasonable doubt;

e.     the right to confront the witnesses against the Defendant at such a trial and to cross-examine them;

f.     the right to remain silent at such a trial, with assurance that his silence could not be used against him in any way;

g.     the right to testify in his own defense at such a trial if he so chooses;

h.     the right to compel witnesses to appear at such a trial and testify on the Defendant's behalf; and

i.     the right to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and any other pretrial motions that have been filed or could be filed.

6.     **Appellate Waiver.** By entering into this Agreement, the Defendant knowingly and expressly waives: (a) the right to appeal the sentence imposed by the Court that is the same or less than what the parties jointly agree to recommend in Section 4 of this Agreement; (b) the right to appeal the manner in which the Court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction or sentence and any order of restitution or forfeiture. The Defendant also knowingly and expressly waives all collateral challenges, including any claims under 28

4

1  U.S.C. § 2255, to his conviction, sentence, and the procedure by which the Court

2  adjudicated guilt and imposed sentence, except non-waivable claims of ineffective

3  assistance of counsel.

4        j.    <u>Preservation of Evidence</u>: The Defendant acknowledges that the USAO and

5  the agencies investigating this case are not obligated or required to preserve any evidence

6  obtained in the investigation of this case.

7        7.    **Result of withdrawal of Guilty Plea.** The Defendant agrees that if, after

8  entering a guilty plea pursuant to this agreement, the Defendant seeks to withdraw and

9  succeeds in withdrawing the Defendant's guilty plea on any basis other than a claim and

10  finding that entry into this agreement was involuntary, then (a) the USAO will be relieved

11  of all of its obligations under this agreement and (b) should the USAO choose to pursue

12  any charge that was either dismissed or not filed as a result of this agreement, then (i) any

13  applicable statute of limitations will be tolled between the date of the Defendant's signing

14  of this agreement and the filing commencing any such action; and (ii) the Defendant

15  waives and gives up all defenses based on the statute of limitations or any speedy trial claim

16  with respect to any such action, except to the extent that such defenses existed as of the

17  date of defendant's signing this agreement.

18        8.    **Plea Agreement Part of the Guilty Plea Hearing.** The parties agree that this

19  agreement will be considered part of the record of the Defendant's guilty plea hearing as if

20  the entire agreement had been read into the record of the proceeding.

21        9.    **Removal / Deportation Consequences.** The Defendant understands and

22  acknowledges that if he is not a United States citizen, then it is possible that he will be

23  permanently removed (deported) from the United States as a consequence of pleading

24  guilty under the terms of this agreement. The Defendant has also been advised if his

1  conviction is for an offense described in 8 U.S.C. § 1101(a)(43), he will be deported and

2  removed from the United States and will not be allowed to return to the United States at

3  any time in the future. The Defendant desires to plead guilty regardless of any immigration

4  consequences that may result from his guilty plea, even if the consequence is automatic

5  removal from the United States with no possibility of returning. The Defendant

6  acknowledges that he has specifically discussed these removal / deportation consequences

7  with his attorney.

8  ///

9  ///

10  ///

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24

1        10.   **Knowing and Voluntary Plea.** The Defendant acknowledges that that he

2   has read this agreement and the Defendant understands its terms and conditions. The

3   Defendant further acknowledges that he has had (i) adequate time to discuss the terms of

4   this agreement with his attorney; (ii) has carefully and thoroughly discussed the terms of

5   this agreement with his attorney; (iii) understands the terms of this agreement and

6   voluntarily agrees to them.

7

8                                          JASON M. FRIERSON

9                                          United States Attorney

10  DATE 6-6-23

11                                         IMANI DIXON

12                                         Assistant United States Attorney

13  DATE 6-6-23

14                                         CAROL GRIFFIN, ESQ.

15                                         Counsel for Defendant

16  DATE 6- 6- 23

17                                         VICTOR MORALES-VAZQUEZ

18                                         Defendant

19

20

21

22

23

24